UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

PATRICK SIMS,

                Petitioner,

                                        09 Civ. 4398 (RWS)

   - against -

                                        O R D E R

ROBERT ERCOLE,

                Respondent.

------------------------------------------X

**Sweet, D.J.**

       By letter dated December 31, 2009, Petitioner Patrick Sims ("Sims" or "Petitioner") seeks a stay of his petition for a writ of habeas corpus, dated April 7, 2009. Petitioner requests that his petition by held in abeyance to permit him to "expand the record in New York County Supreme Court" and amend his habeas petition to allege that the prosecutor violated New York Criminal Procedure Law § 160.50 by using unsealed grand jury testimony from another case to cross-examine him.

       Where a petitioner has raised both exhausted and unexhausted claims, a stay and abeyance of habeas proceedings is only appropriate in the limited circumstances in which a "district court determines there was good cause for the

petitioner's failure to exhaust his claims first in state court," and where the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005). The Supreme Court imposed those limits because staying a habeas action "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings and "also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

Petitioner alleges that he "just discovered this issue" and is therefore entitled to a stay of his habeas proceedings. However, the grand jury testimony of which Petitioner complains was used against him in his cross-examination at trial, and he cannot now assert that he was unaware of its allegedly wrongful use. Furthermore, Petitioner's new claim concerns an alleged violation of state procedural law by the prosecutor. It is well settled that claims for violation of a state procedural law do not present a federal question for which habeas relief may be granted. See Estell v. McGuire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Because Petitioner's proposed claim is not cognizable on federal habeas

review, there exists no reason for the Court to stay his habeas petition pending the addition of the claim.

It is so ordered.

New York, NY
February 3, 2010

ROBERT W. SWEET
U.S.D.J.